DANIEL MALAKAUSKAS, *Cal. Bar. No.:* 265903
MALAKAUSKAS LAW, APC
7345 South Durango Drive
Suite B-107-240
Las Vegas, NV 89113
Tel: 866-790-2242 / Fax: 888-802-2440
daniel@malakauskas.com

*Attorney for Plaintiff:* **Meryl Pomponio**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **MERYL POMPONIO,**<br><br>Plaintiff,<br><br>v.<br><br>**J K AMERICA INC**, as an entity and doing business as "Koryo Jajang", **HAJA CORPORATION,** as an entity and doing business as "Moo Bong Ri Soondae", **HYE K. ALLEN, JOE KIM, KOREAN COMMUNITY CENTER OF THE EAST BAY**, and **DOES** 1-50, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT BY MERYL POMPONIO AGAINST J K AMERICA INC,** *et al***., FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF 1) TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990; 2) THE UNRUH CIVIL RIGHTS ACT; and 3) THE CALIFORNIA DISABLED PERSONS ACT.**<br><br>[42 U.S.C. §§ 12101-12213; Cal. Civ. Code §§ 51, 52, 54, 54.1, 54.2 and 54.3.] |

Comes now the Plaintiff, MERYL POMPONIO, (hereafter, "Mrs. Pomponio" or "Plaintiff") through her Attorney, DANIEL MALAKAUSKAS, 7345 South Durango Drive, Suite B-107-240, Las Vegas, NV 89113; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied her civil rights, hereby respectfully alleges, avers, and complains as follows:

## THIS COURT CAN GRANT JUSTICE TO A DISABLED INDIVIDUAL

1    1.    Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic

2  Syndrome.   Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is

3  confined to using a mobility device to complete her day to day activities.

4    2.    On three separate occasions in 2019, Mrs. Pomponio was denied the full and equal access

5  to public accommodations located at 4390 Telegraph Avenue, Suite B, Oakland, CA 94609 and 4390

6  Telegraph Avenue, Suite K, Oakland, CA 94609.

7    3.    Mrs. Pomponio now asks that this Court stand up for her rights under the Americans

8  with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("UCRA") and the California Disabled

9  Persons Act ("CDPA").

**THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE**

   4.    The United States District Court has original federal question jurisdiction over this action

pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (a)(4), for violations of the Americans with

Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. This Court has supplemental jurisdiction over all state

claims, including, but not limited to, claims under the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et*

*seq*., and/or the California Disabled Persons Act, Cal. Civ. Code §§ 54-55.3, pursuant to 28 U.S.C. §

1367 as such acts not only expressly incorporate the Americans with Disabilities Act, but such state

law claims also arose from the same nucleus of operative facts or transactions.

   5.    Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as the claims alleged herein

arose in the Northern District, specifically at the real property located at 4390 Telegraph Avenue, Suite

B, Oakland, CA 94609 and 4390 Telegraph Avenue, Suite K, Oakland, CA 94609.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.     The Oakland Division of the Northern District of California, is the proper division because all claims herein arose at the real property located at 4390 Telegraph Avenue, Suite B, Oakland, CA 94609 and 4390 Telegraph Avenue, Suite K, Oakland, CA 94609.

## THE VICTIM AND THOSE RESPONSIBLE

7.     Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic Syndrome.  Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is confined to using a mobility device to complete her day to day activities.   Mrs. Pomponio is therefore a "person with a disability" and a "physically disabled person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the ADA, specifically 42 U.S.C § 12102 and Cal. Civ. Code §§ 51 and 54.

8.     Defendants, J K AMERICA INC, and Does 1-50 (hereafter, collectively or individually, "Tenant"), operate as a business establishment, hold themselves out to the public, and do business as "Koryo Jajang" at 4390 Telegraph Avenue, Suite B, Oakland, CA 94609, and have substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

9.     Defendants, HAJA CORPORATION, and Does 1-50 (hereafter, collectively or individually, "Tenant II"), operate as a business establishment, hold themselves out to the public, and do business as "Moo Bong Ri Soondae" at 4390 Telegraph Avenue, Suite K, Oakland, CA 94609, and have substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

10.     Defendants, HYE K. ALLEN, JOE KIM, KOREAN COMMUNITY CENTER OF THE EAST BAY, and Does 1-50 (hereafter, collectively or individually, "Landlord", in their commercial real estate investment, owner, or landlord capacity), own, operate, manage, and have substantial control over the real property, including the interior and exterior of the building, parking lot and all spaces

adjacent to the buildings located at 4390 Telegraph Avenue, Suite B, Oakland, CA 94609 and 4390 Telegraph Avenue, Suite K, Oakland, CA 94609.

11.     Defendants, Does 26-50, are individuals, businesses, organizations, or entities which entered into a contract with Defendants, Tenant, Tenant II, Landlord, and/or Does 1-50, as property managers or franchisees for the real property and adjacent parking lot, and as such have substantial control over the real property located at 4390 Telegraph Avenue, Suite B, Oakland, CA 94609 and 4390 Telegraph Avenue, Suite K, Oakland, CA 94609.

12.     The true names and capacities of the Defendants named herein as Does 1-50, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff requests leave of court to amend this complaint to allege their true names and capacities at such times as they are ascertained.

13.     Plaintiff is informed and believes and thereon alleges that each of the Defendants, including Does 1-50, caused and are responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to Plaintiff's rights to equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

## MRS. POMPONIO WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMMODATION AND NOW FIGHTS FOR ALL DISABLED

14.     Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic Syndrome.  Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is

confined to using a mobility device to complete her day to day.  Mrs. Pomponio is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.

15.    On three separate occasions in 2019, Mrs. Pomponio desired to go to and use the services, and/or buy products at "Koryo Jajang" and "Moo Bong Ri Soondae" which are located at 4390 Telegraph Avenue, Suite B, Oakland, CA 94609 and 4390 Telegraph Avenue, Suite K, Oakland, CA 94609.

16.    While in the parking lot adjacent to, surrounding, or while inside the businesses "Koryo Jajang" and "Moo Bong Ri Soondae", on three separate occasions, Mrs. Pomponio personally encountered barriers that interfered with her ability to use and enjoy the goods, services, privileges and accommodations offered by the facilities. Specifically, while visiting the business establishments, Mrs. Pomponio had difficulty as the alleged accessible parking stall and access aisle had improper slopes making it more difficult for her to use her wheeled mobility device. In addition, both restaurants do not have accessible outdoor dining surfaces which further deters Mrs. Pomponio.

17.    Despite Mrs. Pomponio's wish to patronize the businesses in the future, the above-mentioned barriers constitute deterrents to access to the business, rendering the business' goods, services, facilities, privileges, advantages, and accommodations unavailable to physically disabled patrons such as herself.

18.    Mrs. Pomponio alleges, on information and belief, that Defendants knew that such barriers existed and that Defendants' failure to remove the barriers was intentional as the particular barriers mentioned above were intuitive and obvious. Additionally, Defendants exercised control and dominion over the condition of the real property and building and had the financial resources to remove such barriers. Furthermore, Mrs. Pomponio alleges, on information and belief, that such modifications

were readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.

19.    Mrs. Pomponio brings this lawsuit to encourage Defendants to ensure their property is accessible to all.

## FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA
### (As to all Defendants)

20.    Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

21.    The parking lot and building at the real property known as 4390 Telegraph Avenue, Suite B, Oakland, CA 94609 and 4390 Telegraph Avenue, Suite K, Oakland, CA 94609 is owned, controlled, operated, leased, and managed by Defendants: Tenant, Tenant II, Landlord, Does 1-50, or their agents. The businesses "Koryo Jajang" and "Moo Bong Ri Soondae", including their parking lot, are open to the general public and as such are "public accommodations" under 42 U.S.C. § 12181 and 28 C.F.R. § 36.104.

22.    Pursuant to 42 U.S.C. § 12182(a), by owning, leasing, or operating the public accommodations known as "Koryo Jajang" and "Moo Bong Ri Soondae", Defendants are prohibited from discriminating against Plaintiff by denying her, on the basis of her disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the facilities.

23.    In order to avoid discriminating against a disabled individual pursuant to 28 C.F.R. § 36.101 and § 36.102, Defendants must ensure that such public accommodation is designed, constructed, and altered in compliance with the accessibility standards established by 28 C.F.R. § 36.101 *et seq.*, and have proper policies, practices, and procedures to ensure that individuals with disabilities are

afforded equal access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the public accommodation. 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv) and (v), 12183(a)(1) and (2).

24.    Mrs. Pomponio was disabled by her extreme medical condition: 1) Paraneoplastic Syndrome.  Due to Mrs. Pomponio's medical condition, Mrs. Pomponio is unable to walk and is confined to using a mobility device to complete her day to day.  Mrs. Pomponio is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.  While at the interior, exterior, parking lot, or adjacent spaces, of the businesses known as "Koryo Jajang" and "Moo Bong Ri Soondae", Plaintiff personally encountered a number of barriers that interfered with her ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.

25.    Specifically, Defendants failed to ensure that such real property was equally accessible to individuals with disabilities and medical conditions by having the following barriers at the real property:

    a.  There is no unauthorized vehicle parking signage at each driveway entrance to the off-street parking, or immediately adjacent to on-site accessible parking and visible from each parking space, in violation of 2013 CBC 11B-502.8 and 2016 CBC 11B-502.8;

    b.  The alleged accessible parking space(s) and access aisle(s)' slope(s) exceed two percent (2%) in violation of 1991 ADAAG 4.6.3, 2010 ADAS 502.4 Exception, 2013 CBC 11B-502.4 Exception and 2016 CBC 11B-502.4 Exception;

    c.  One or more of the alleged parking space's access aisles are not marked with a blue borderline in violation of 2013 CBC 11B502.3.3 and 2016 CBC 11B-502.3.3;

d.  One or more of the alleged accessible parking spaces' access aisles is not marked with the statement "NO PARKING" in letters that are at least twelve inches (12") in height in violation of 2010 ADAS 502.3.3, 2013 CBC 11B 502.3.3 and 2016 CBC 11B-502.3.3;

e.  One or more of the alleged access aisles do not extend the full length of the parking spaces they serve in violation of 2010 ADAS 502.3.2, 2013 CBC 11B-502.3.2 and 2016 CBC 11B-502.3.2;

f.  There are no accessible dining surfaces provided in violation of 1991 ADAAG 5.1, 2010 ADAS 226.1, 2013 CBC 11B-226.1, 2016 CBC 11B-226.1;

g.  The curb ramp does not have a top landing in violation of 2010 ADAS 406.4 and 2013 CBC 11B-406.5.3, and 2016 CBC 11B-406.5.3.

26.  As a direct and proximate cause of Defendants' conduct, Plaintiff, on the basis of her disabilities, was denied the opportunity to participate in or benefit from a good, service, privilege, individuals in violation of 42 U.S.C. § 12181.

27.  Plaintiff seeks injunctive relief to prohibit Defendants' acts and omissions as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that disabled persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able-bodied persons.

**SECOND CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 51**
**(As to all Defendants)**

COMPLAINT BY POMPONIO AGAINST J K AMERICA INC, *ET AL.*, FOR DAMAGES AND INJUNCTIVE RELIEF
- 8 -

28.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

29.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 51(f) and § 52(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

30.     On the basis of her disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals which resulted in Plaintiff's difficulty, discomfort, or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation.

### THIRD CLAIM
### VIOLATIONS OF CALIFORNIA CIVIL CODE § 54
### (As to all Defendants)

31.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

32.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 54.1(d) and § 54.3(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

33.     On the basis of her disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in Plaintiff's difficulty, discomfort or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages on no less than one-thousand U.S. dollars (1,000 USD) for each and every violation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER**

WHEREFORE, Plaintiff prays the following:

1.      For injunctive relief pursuant to 28 C.F.R. § 36.501 directing Defendants to modify their facilities and policies as required by law to comply with ADA regulations, including the ADAAG where required; institute policy to enable Plaintiff to use goods and services offered to the non-disabled public; provide adequate access to all citizens, including persons with disabilities; issue a permanent injunction directing Defendants to maintain their facilities usable by Plaintiff and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.      Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur and will not recur;

3.      Award Plaintiff all appropriate damages, including, but not limited to, either statutory damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation of Cal. Civ. Code § 51, or no less than one-thousand U.S. dollars (1,000 USD) for each and every violation of Cal. Civ. Code § 54, with either Cal. Civ. Code § 51 or § 54 being elected prior to, or at, trial, but not both, and general damages in an amount within the jurisdiction of the Court, according to proof;

4.      Award Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law, including but not limited to, 42 U.S.C. § 12205, Cal. Civ. Code §§ 52 and 54.3; and

5.      Grant such other and further relief as this Court may deem just and proper.

1   Dated: November 23rd, 2020

2

3                                                                    */s/ Daniel Malakauskas*

By: DANIEL MALAKAUSKAS, of,
MALAKAUSKAS LAW, APC,
Attorney for PLAINTIFF